IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-29 |
| vs. | |
| LEONARD E. MEGEE, | ORDER |
| Defendant. | |

      The defendant has filed a *pro se* motion for compassionate release (filing 59) pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits a defendant (after exhausting administrative remedies) to move for reduction of a term of imprisonment based upon "extraordinary and compelling reasons." The defendant has also filed an associated motion (filing 60) to restrict access to his filings, which the Court will grant because they contain confidential medical information. And the defendant has filed a motion (filing 61) asking the Court to permit him to proceed *pro se* because his previously retained counsel has declined further representation in this postconviction matter and "because there are no apparently General Orders appointing federal defender counsel to inmates applying for §3582 relief." Filing 61 at 2.

      Unknown to the defendant, the Court has routinely been appointing the Federal Public Defender in cases where § 3582 relief is sought. There is no general order, because the Court's practice in these cases has been to examine each motion before determining whether appointment of counsel is warranted. Nonetheless, that bar is not high, and on its initial review of the defendant's motion, the Court finds that the defendant has at least a colorable claim under

§ 3582(c)(1)(A), and that appointment of counsel would help the Court determine whether the defendant merits relief under that section. Accordingly,

IT IS ORDERED:

1. The defendant's motion to restrict (filing 60) is granted.

2. The defendant's motion for retained counsel to withdraw (filing 61) is granted, and retained counsel is granted leave to withdraw.

3. The Federal Public Defender for the District of Nebraska is appointed to represent the defendant for the limited purpose of determining whether there are extraordinary and compelling reasons to reduce the defendant's term of imprisonment.

4. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

5. If upon his review the Federal Public Defender should conclude that the defendant's motion is frivolous, the Federal Public Defender may move to withdraw as counsel.

6. The government shall respond to the defendant's motion on or before July 6, 2020. The Federal Public Defender shall promptly file any supplementary briefing or evidence necessary to the Court's disposition of the motion. Absent an extension, the defendant's motion shall be deemed submitted as of July 7, 2020.

7. The Office of U.S. Probation and Pretrial Services is authorized to disclose Presentence Investigation Reports and materials obtained from the Bureau of Prisons, including medical records, to the Federal Public Defender and the United States Attorney for the purpose of evaluating the defendant's motion. The Federal Public Defender shall provide the Presentence Investigation Report to any subsequently appointed or retained counsel. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

8. The Office of U.S. Probation and Pretrial Services shall promptly conduct a compassionate release investigation, prioritizing the collection of medical records relevant to the defendant's claim.

- 4 -

9. The Clerk of the Court shall provide copies of this order to the Federal Public Defender and to Supervising U.S. Probation Officer Aaron Kurtenbach.

Dated this 29th day of June, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge